**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**



FILED

2026 JUN 11 AM 8:59

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| PATEL, Akshay Jaykeshkumar<br>PATEL, Shailvi Akshay | )<br>)<br>) |
| Plaintiffs, | ) COMPLAINT FOR A<br>)<br>) WRIT IN THE<br>) NATURE OF A<br>) MANDAMUS<br>) |
| -against- | )<br>) |
| Markwayne Mullin, Secretary of<br>Department of Homeland Security,<br>Todd Blanche, Attorney General of the<br>United States, Joseph B. Edlow, Director,<br>U.S. Citizenship and Immigration Services,<br>Carrie M. Selby, Acting Associate Director,<br>Nebraska Service Center and<br>The United States of America | )<br>)<br>)<br>) Case No:<br>)<br>)<br>)<br>) |
| Defendants. | |

## COMPLAINT FOR MANDAMUS

Comes now Plaintiffs, Akshay Jaykeshkumar Patel and Shailvi Akshay Patel ("Plaintiffs"), and pleads as follows:

## I. INTRODUCTION

1. This is the individual action for mandamus. Plaintiffs seek to compel Defendants to grant him Bona-fide Employment Authorizations ("EAD") and deferred action status based on their pending U Nonimmigrant Visa Status and U-2 Nonimmigrant visa status and provide them with the benefits of an Employment Authorization holders. Plaintiffs Akshay Patel and Shailvi reside in Ashland City, TN. Akshay was a victim of a serious crime on December 10, 2024, in Chicago, IL. Akshay Patel cooperated with the Chicago Police Department Office in the investigation of the crime. On May

1

02, 2025, Akshay Patel applied for a special non-immigrant status commonly called the "U Visa." *Please see* **Exhibit A**, I-918 Receipt Notice. Plaintiff also applied for U-2 nonimmigrant visa for wife. Please *See* Exhibit B, I-918A Receipt Notice, Plaintiff has complied with all statutory and regulatory requirements for U nonimmigrant status.

2. On June 14, 2021, USCIS published new guidance in the USCIS Policy Manual on Employment Authorization and Deferred Action for Certain U-Visa Petitioners. Due to drastic increase in the volume of U nonimmigrant petitions and a growing backlog awaiting placement on the waiting list or final adjudication, USCIS decided to exercise its discretion under INA §214(p)(6) to conduct bona fide determinations (BFD) and provide EADs and deferred action to noncitizens with pending bona fide petitions who meet certain discretionary standards. *See* **Exhibit C**, USCIS Policy Guidance.

3. On May 02, 2025, concurrently with his U visa petition, Plaintiff also filed Bona-fide EAD under the new guidance. *Please see* **Exhibit D**, I-765 Receipt Notice. Plaintiff brings this action to obtain an order compelling the Defendants, through U.S. Citizenship, and Immigration Services ("USCIS"), to issue a decision on Plaintiff's BFD-based EAD application and Bonafide determination.

## II. JURISDICTION

4. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act ("INA"), and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

## III. VENUE

5. Pursuant to 28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the

United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff is a resident of the Middle District of Tennessee, and Defendants, being sued in their official capacity, are agents of the United States. The Department of Homeland Security, Attorney General of the U.S., USCIS, and Nebraska Service Center do business in this District.

## IV.   PLAINTIFFS

6.    Plaintiff, Akshay Patel is a native and citizen of India. He was a victim of a qualifying serious crime in 2024 and cooperated with Chicago law enforcement authorities in the investigation and prosecution of that crime. He has applied for U nonimmigrant status under INA § 101(a)(15)(U)(i), commonly known as the U Visa program. Plaintiff presently resides in the United States in Ashland City, Tennessee.

## V.   DEFENDANT

7.    Defendant Markwayne Mullin sued in his official capacity, is the Secretary of the U.S. Department of Homeland Security ("DHS"). In this role, he is responsible for the administration and enforcement of the nation's immigration laws. DHS encompasses U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement, and other agencies. Secretary Markwayne has ultimate authority over the adjudication of Plaintiff's pending applications and is an appropriate defendant in this mandamus and APA action.

8.    Defendant Todd Blanche, sued in his official capacity, is the Attorney General of the United States and head of the U.S. Department of Justice. The Attorney General is the chief legal officer of the federal government and, through the Executive Office for Immigration Review, has responsibility for the administration of immigration courts.

9.    Defendant Joseph B. Edlow, sued in his official capacity, he is the Director of U.S. Citizenship and Immigration Services ("USCIS"), a component of DHS that is responsible for adjudicating immigration benefit applications, including the applications at issue in this case. In this capacity, Director Edlow has authority over

all USCIS policies and procedures and a duty to ensure that applications are processed in compliance with the law.

10. Defendant Carrie M. Selby, Acting Associate Director of Service Center Operations Directorate of the Nebraska Service Center is sued in her official capacity, she is responsible for the oversight and adjudication of certain immigration petitions and applications, including petitions for U nonimmigrant status and related applications. Plaintiff's applications for U-visa status and employment authorizations were filed with and are being processed by USCIS's Nebraska Service Center.

11. Defendant United States of America is also named as a defendant pursuant to 5 U.S.C. § 702 and because this action is in effect against the United States. The United States, through its agencies and officers, is the entity ultimately responsible for the actions and inactions of the above Defendants.

12. All Defendants are collectively responsible for the adjudication of Plaintiff's immigration applications and are in positions to carry out any court-ordered relief. Each Defendant is sued solely in his or her official capacity.

## VI. LEGAL FRAMEWORK

**The U Visa Program, INA § 101(a)(15)(U)**

13. On October 28, 2000, Congress created the U Visa program. *See* Victims of Trafficking and Violence Prevention Act of 2000 ("VTVPA"), Pub. L. No. 106-386, Title V, § 1513, 114 Stat. 1464, 1533 (2000).

14. Concerned that *"[i]mmigrants are often targeted to be victims of crimes committed against them in the United States" and that all "who are victims of these crimes committed against them in the United States must be able to report these crimes to law enforcement and fully participate in the investigation of the crimes[,]"* Congress acted to establish the U Visa program in order to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute" certain serious crimes

"while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." See VTVPA § 1513(a), 114 Stat. 1533.

15. The U Visa program creates a system for noncitizen victims of serious crimes to safely engage law enforcement and, similarly, for law enforcement to engage immigrant communities to deter, prevent, and prosecute criminal activity for the betterment of the United States and its people.

16. The U Visa was created to strengthen the ability of law enforcement agencies to investigate and prosecute serious crimes and trafficking in persons, while offering protections to victims of such crimes without the immediate risk of being removed from the country. By providing victims of crime with an avenue to obtain their immigrant status, the U Visa encourages victims to work and cooperate with law enforcement agencies. Congress also aimed to strengthen relations between law enforcement and immigrant communities by increasing cooperation and removing some of the fear of deportation held by many undocumented migrants. See, e.g., U and T Visa Law Enforcement Resource Guide, DEPARTMENT OF HOMELAND SECURITY (January 4, 2016) https://www.dhs.gov/sites/default/files/publications/Uand-T-Visa-Law-Enforcement-Resource%20Guide_1.4.16.pdf.

17. A noncitizen is eligible for status under the U Visa program if (1) he suffered substantial physical or mental abuse as a result of having been a victim of one of the enumerated crimes; (2) he possesses or possessed information concerning the criminal activity; (3) he has been helpful, is being helpful, or is likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting the criminal activity; and (4) the criminal activity violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States. See INA § 101(a)(15)(U).

5

18. A derivative is eligible for status under the U Visa programs if applicant is under 21 years old and the derivative is a spouse, child, unmarried sibling under 18 at the date of filing, or a parent of such applicant; or if applicant is over 18 years old and derivative is the spouse or children of such applicant. See INA § 101(a)(15)(U)(ii).

19. A statutory cap limits the grant of U Visas to 10,000 per fiscal year. INA § 214(p)(2)(A). See INA § 214(p)(2)(A); 8 C.F.R. § 214.14(d)(1). The statutory cap only applies to principal applicants and does not apply to derivative applicants. INA § 214(p)(2)(B).

20. A waitlist was created by regulation to provide deferred action to a petitioner who is eligible whenever the statutory cap is reached within a given fiscal year. *See* New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014, 53027 (Sept. 29, 1995) (codified at 8 C.F.R. § 214.14(d)(2)). Deferred action provides several important protections to petitioners that include, among others, eligibility for work authorization. 8 CFR § 214.14(d)(2) ("USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.").

21. C.F.R. §214.14(d)(2) states in full:

Waiting List: All eligible petitions who, due solely to the cap, are not granted U nonimmigrant status must be placed on a waiting list and receive written notice of such placement. Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority. In the next fiscal year, USCIS will issue a number to each petition on the waiting list, in the order of highest priority, providing the petitioner remains admissible and eligible for a U nonimmigrant status. After U nonimmigrant status has been issued to qualifying petitioners on the waiting list.

**The U Visa Administrative Process**

22. The administrative processing to accord U nonimmigrant status to eligible petitioners is tightly prescribed and regulated.

23. First, a petitioner must obtain a certification from a Law Enforcement Agency ("LEA") that he was the victim of a crime, the crime is a recognized crime under the U Visa program, and that he was, is or likely to be helpful in the investigation, or prosecution of the criminal activity. The USCIS has prescribed that law enforcement officials make this certification on a particular Form, USCIS Form I-918 Supplement B, U Nonimmigrant Status Certification. See 8 C.F.R. § 214.14(a)(12).

24. Second, on submission, USCIS makes a completeness check to verify that all required initial evidence is present. The petition must include Form I-918, Petition for U Nonimmigrant Status; Form I-918, Supplement B, U Nonimmigrant Status Certification; a personal statement describing the criminal activity of which the applicant was a victim; and evidence to establish each eligibility requirement.

25. Third, USCIS adjudicates the petition by granting U-nonimmigrant status (if the statutory cap of 10,000 has not been reached) or, in most cases, places the petitioner on the waitlist status known as "deferred Action status" pending availability of statutory cap. *See 8 C.F.R. § 214.14(d)(2).*

26. If the statutory cap has been reached, USCIS must place the petitioner on the waiting list until an adjudication can be made. *8 C.F.R. § 214.14(d)* ("All eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement.").

27. Once the individual has been granted deferred action, he or she may apply for and receive employment authorization by submitting Form I-765.

28. Once the individual has been granted U visa status, he is eligible for adjustment of status after three continuous years in said status.

**Bona Fide Screening**

29. Congress granted USCIS the authority to grant work authorization for petitioners with pending, bona fide applications. INA § 214(p)(6) ("The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 101(a)(15)(U)").

30. A bona fide application means an application where there appears to be no instance of fraud in the application and where the application is complete, properly filed, contains an LEA endorsement, includes completed fingerprint and background checks, and presents prima facie evidence to show eligibility for U nonimmigrant status. See, e.g., 8 C.F.R. § 214.11(k) (defining "bona fide" for related statutes).

## VII. THE APPLICATION FOR U NONIMMIGANT STATUS

31. Plaintiffs applied for U Nonimmigrant status and U-2 Nonimmigrant status on May 02, 2025 and January 23, 2026, respectively. *Please see again* **Exhibits A and B**. Plaintiff concurrently applied for Bona-fide work authorization under USCIS latest guidance. *Please see again* **Exhibit D**.

32. There is no evidence of fraud in the applications and Plaintiff has attached compelling evidence showing eligibility for U nonimmigrant status.

33. USCIS only issues Receipt Notices for petitions that are complete.

## VIII. AN UNREASONABLE DELAY

34. More six months have elapsed since the filing of Plaintiffs complete and approvable application for EAD under the current guidance.

35. Under INA § 214(p)(6), the Defendants have an obligation to issue, within a reasonable time, work authorization for individuals who have presented bona fide petitions for U nonimmigrant status.

36. There is no rule of reason controlling USCIS's U-visa Waiting List decisions. USCIS does not make U-visa Waiting List decisions on a first come, first serve basis. USCIS

prioritizes some applications over others for U-visa Waiting List decisions. There is no cap for the U-visa Waiting List. Also, Congress has indicated that all immigration applications for benefits, including U-visa Waiting List decisions, should be made within six (6) months.

37. Plaintiff interests is prejudiced by the continued delay. They have been harmed in their ability to receive a waiting list determination in their pending petitions.

## IX.  CLAIMS FOR RELIEF

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The Mandamus Act, *28 U.S.C. § 1361*, grants authority to courts to compel defendants to perform a duty owed to Plaintiff.

40. Defendants have a regulatory, ministerial obligation to issue, within a reasonable time, work authorization for individuals who have presented bona fide petitions for U nonimmigrant status.

41. Defendants have a duty to grant Plaintiff their wait list determination and deferred action.

42. Defendants' failure to perform this duty for more than one year violates the regulation.

## X.  REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court grant the following relief:

i.  Declare that Defendants have a duty to grant Plaintiff his work authorization and wait list determination and Bonafide determination based on their pending U-nonimmigrant status petitions.

9

ii. Compel Defendants to perform their duty to decide on Plaintiff's EAD application forthwith and to decide on Plaintiffs' wait list determination and grant Bonafide dtermination.

iii. Grant such other and further relief as this Court deems proper under the circumstance; and

Dated: June 5, 2026

PATEL, Akshay Jaykeshkumar
Shailvi Akshay Patel

1900A Bearwallow Rd. Ashland City TN, 37015 US
615-485-8410

Case 3:26-cv-00792    Document 1    Filed 06/11/26    Page 10 of 10 PageID #: 10